Edward McClintock, Appellant, v. The Hall Signal Company, Appellee.

**Gen. No. 17,695.**

MASTER AND SERVANT—*accord and satisfaction.* In an action for salary, where plaintiff had been employed in consideration of the right to use an invention, and the defendant alleged fraudulent representations and accord and satisfaction, *held,* that findings for defendant were not clearly against weight of evidence.

Appeal from the Municipal Court of Chicago; the HON. JOHN R. CAVERLY, Judge, presiding. Heard in the Branch Appellate Court at the October term, 1911. Affirmed. Opinion filed January 23, 1913.

BAKER & HOLDER, for appellant.

COONEY & VERHOEVEN, for appellee.

MR. JUSTICE FITCH delivered the opinion of the court.

In 1909, appellant was the manager of the McClintock Manufacturing Company, of St. Paul, Minnesota, which manufactured an article invented by him, known as a "Mercury Contact Ring," used in connection with railway signaling apparatus. Appellee is a cor-

poration engaged in manufacturing and installing railroad signals. In June, 1909, appellant had an interview in New York City with W. P. Hall and J. J. Kennedy, president and general manager, respectively, of the Hall Signal Company, resulting in a contract, by the terms of which appellee was given the exclusive right to use appellant's invention on all its signaling devices, and agreed to buy from the McClintock Manufacturing Company not less than $24,000 worth of mercury rings during the first year, and to "retain" appellant "to introduce and extend the application" of mercury rings at a salary of $3,000 a year in addition to his traveling expenses. Appellant entered upon this employment and continued therein for several months and was paid the agreed salary until November. During this time appellee's chief engineer, W. H. Lane, caused a series of tests of the appliance to be made at appellee's factory in New Jersey, and sundry inquiries to be also made regarding the use of the same by others, with results unsatisfactory to him, and he made a written report of his conclusions to Hall and Kennedy. They called appellant into their office, told him of Lane's report, said they were not satisfied with the operation of the device, that it was not suitable for railway signals, and accused him of having falsely represented to them that his device was in successful use and had been adopted by a large number of railroad companies. A long and heated discussion ensued, at the close of which appellant received from appellee $311.59 and departed for his home in St. Paul. Appellant claims this payment was merely the amount of his November salary and his traveling expenses, and that he was told to go home and await further instructions. Appellee claims that the payment was a final payment, in full settlement, upon an agreed cancellation of the contract. Appellant remained in St. Paul, doing nothing until the end of the contract year, when he sued for

the remainder of the year's salary, alleging that he was discharged without cause. Upon a trial before the court without a jury, a finding and judgment for the defendant were entered. The plaintiff appeals.

The only errors assigned which are discussed in the briefs of counsel are that the finding is against the weight of the evidence and that the court erred in refusing to permit appellant to testify, in rebuttal, as to certain alleged conversations between himself and Hall prior to the making of the contract, such proof being offered for the purpose of showing, by Hall's statements, that he was fully informed concerning the character and successful working of the mercury rings. If the alleged false representations constituted the only defense to plaintiff's claim, we should be inclined to agree with appellant's counsel that this defense was not shown by a preponderance of the evidence. But the evidence concerning the alleged accord and satisfaction is such that after a careful study of the record we cannot say that the finding of the court, as to this second matter of defense, is clearly against the weight of the evidence. The preponderance of the evidence shows that after receiving Lane's report, both Hall and Kennedy told appellant that they had been misled and deceived by appellant's positive assertions regarding the successful and general use of his device, and therefore they claimed the right to rescind the contract and declared their intention to rescind; that suits were threatened by appellant if they did so, and that the whole matter was finally compromised and settled by the payment to appellant of a month's salary and fifty dollars in addition thereto (neither of which sums was then due to appellant even if the contract was in force); and by appellant's acceptance of this payment as a final settlement in full. While appellant denied that he received the money upon that understanding, he failed to give any other satisfactory reason for such payment, and both Kennedy and Lane testified unequivocally that the money

was paid at appellant's own request and was accepted by him as a final settlement of the controversy.

In this state of the record, the finding and judgment of the trial court must be affirmed.

*Affirmed.*